UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEKOU SHUTSHA,

                Plaintiff,

-against-

GONZALO GONZALEZ, NYC TRANSIT
AUTHORITY MTA, et al.,

                Defendants.

21-CV-5780 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated in the Nassau County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants falsely testified in his criminal proceedings leading to his conviction. By order dated November 8, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff uses a civil rights complaint form for actions under 42 U.S.C. § 1983 from the United States District Court for the Eastern District of New York. He sues Gonzalo Gonzalez, a conductor for the MTA/NYC Transit authority; and Benny Sierra, an "Exhaust Technician" at

Newark International Airport. (ECF 1, at 2.) Plaintiff asserts that Defendants deprived him of his freedom and he seeks money damages.

The following information is taken from the complaint. On July 10, 2018, Defendants "with reckless disregard for [Plaintiff's] freedom deliberately fabricated, lied, and distorted the truth in testimony to deprive [Plaintiff] of [his] freedom." (*Id*. at 6.) Gonzalez testified that, while riding a south bound train off duty, he observed Plaintiff remove a pair of scissors from a luggage bag and then walk up and down the subway car, "swiping and pointing the scissors in a stabbing motion, yelling and screaming," and getting really close to a passenger. (*Id*.) Sierra – who was apparently the passenger – corroborated Gonzalez's account, testifying that Plaintiff "stabbed the scissors within two inches towards his chest which caused him to jump back in his seat in fear." (*Id*.) Gonzalez further testified that, after observing Plaintiff's conduct, he felt afraid and used his MTA-issued radio to report to the control center that, "there was a disturbed person with a knife who seemed that he was about to stab somebody on the train." (*Id*. at 7.) The control center then told Gonzalez that the police would meet him at the 59th Street Columbus Circle Station, which he then announced to the other passengers.

Throughout Plaintiff's criminal proceedings, the prosecutor improperly withheld the transcript of Gonzalez's radio call, claiming that that the "specific material" Plaintiff wanted did not exist. (*Id*. at 8.) Plaintiff later learned from an MTA incident report that Gonzalez's radio conversation had been recorded. The incident report also confirmed that Gonzalez and Sierra had not "testif[ied] forthrightly and [had] provided perjurious testimony concerning 'what they saw' and about specifically what happened." (*Id*. at 8-9.). First, it was the acting train operator rather than Gonzalez who had contacted the control center, conveying the information to the control center that Gonzalez had radioed to him. Second, the information that was conveyed to the

control center did not suggest that Gonzalez had "observed an exigent suspected crime then engaged in the pressing urgency with the supplying of emergency help and assistance in order to defuse a volatile situation. This was fiction." (*Id*. at 9.) The only information the control center received was that "a suspect African American male [was] in possession of a knife," which was significantly different than Gonzalez's account that he informed the control center of what he saw. (*Id*. at 9-10.) Contrary to Gonzalez's testimony, Plaintiff was not a "disturbed person in possession of a dangerous instrument" that was "just used [] for and during the commission of a crime against other." (*Id*. at 10.) According to the MTA incident report, Gonzalez and Sierra lied in their testimony.

On September 6, 2018, Plaintiff was convicted of the charges against him, and was sentenced to three and a half to seven years of imprisonment. He brings this action asserting that Gonzalez and Sierra injured his reputation, deprived him of his freedom, and caused him emotional trauma.

## DISCUSSION

**A.      Witness immunity**

Plaintiff brings claims under 42 U.S.C. § 1983 against Defendants Gonzalez and Sierra for damages arising from their allegedly false testimony in Plaintiff's state-court criminal proceedings. Even if the Court were to assume that Defendants are state actors who are subject to liability under section 1983,[2] Plaintiff fails to state a claim for relief. Witnesses are absolutely

---

[2] Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass' n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292

immune from liability under section 1983 for damages for their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *see also Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order) (when the "only avenue by which the [fabricated evidence can] reach the jury [is] through [a witness's] testimony," claims of fabricated evidence are precluded by witness immunity). The Court therefore dismisses these claims under the doctrine of witness immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.    Favorable termination requirement**

In any event, Plaintiff is not entitled to sue for damages in connection with his criminal conviction. The Supreme Court of the United States has held that:

> a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

---

F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Plaintiff brings claims against Defendants, whom he seemingly identifies as public employees. Although it is not clear under the circumstances Plaintiff describes that Defendants were acting as state actors rather than in their private capacities, the Court need not decide this issue as there are alternative grounds for dismissal of Plaintiff's claims.

state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").

Success in this section 1983 action – in which Plaintiff alleges that he did not commit the acts for which he was convicted – would necessarily demonstrate the invalidity of Plaintiff's conviction. As there is no indication that Plaintiff's conviction has been reversed or called into question in any way by a court authorized to do so, Plaintiff's claim is barred under *Heck*, and is therefore dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 16, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                       Chief United States District Judge